IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM RONALD BUTCHER )<br>    Petitioner )<br>               )<br>vs. )<br>               )<br>COMMONWEALTH OF PENNSYLVANIA, et al.)<br>    Respondents. ) | C.A.No. 09-27 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I      RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed without prejudice.

It is further recommended that Petitioner's pending motions (for the appointment of counsel, for transcripts, for evidentiary hearing and for bail - Document # 20) be dismissed as moot in light of this recommendation.

**II      REPORT**

Petitioner, a state prisoner incarcerated at the State Correctional Institution at Cresson, Pennsylvania, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, claiming that he is actually innocent.

Petitioner was sentenced by the Warren County Court of Common Pleas on August 22, 2008. No direct appeal was taken and no PCRA petition has been filed.

Before a federal court may grant habeas relief to a state prisoner, the provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(b) require that prisoner to first exhaust

1

available state court remedies prior to seeking federal habeas corpus relief. To comply with the exhaustion requirement, a state prisoner first must fairly present his constitutional and federal law issues to the state courts through direct appeal, collateral review, or other available procedures for judicial review. See O'Sullivan v. Boerkel, 526 U.S. 838 (1999); Castille v. Peoples, 489 U.S. 346 (1989); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

Petitioner still has state court remedies available to him, as the time period for filing a petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541 *et seq.*, has not expired.

Moreover, at the present time, Petitioner has time remaining under the federal habeas corpus statute of limitations period. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period applicable to state prisoners filing habeas corpus petitions in federal court.[1] Here, Petitioner has one year from the date his judgment of sentence became final to file a habeas petition. Importantly, that limitation period would be tolled upon the commencement of properly-filed PCRA proceedings. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005); Satterfield v. Johnson, 434 F.

---

[1] The applicable statute reads:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from [...]
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [...]
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

2

3d 195 (3d Cir. 2006). Thus, the present case is not a situation where the Court should stay the habeas proceedings because an "outright dismissal could jeopardize the timeliness of a [subsequent federal] collateral attack." Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004).[2]

Accordingly, the instant petition for writ of habeas corpus should be dismissed without prejudice.

### Certificate of Appealability

Section 102 of AEDPA, 28 U.S.C. § 2253(c) (as amended), codifies standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Because Petitioner has not made such a showing, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed without prejudice.

It is further recommended that Petitioner's pending motions (for the appointment of counsel, for transcripts, for evidentiary hearing and for bail - Document # 20) be dismissed as

---

[2] Petitioner argues that his failure to exhaust should be forgiven because he is actually innocent. Typically, such a review is done because a petitioner has no avenues of exhaustion left open and a federal court sitting in habeas must determine whether a failure to exhaust is excused in order to reach the merits of a petition. Here, Petitioner is in an unique situation where he still has time, albeit only a month, to take his petition to the trial court pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541 et seq. This he must do in the first instance.

3

moot in light of this recommendation.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                        S/ Susan Paradise Baxter
                                                        SUSAN PARADISE BAXTER
                                                        United States Magistrate Judge

Dated: July 9, 2009